ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 125696)
Chief, Criminal Division

ANNE HSIEH (CABN 288159)
Assistant United States Attorney

WILLIAM J. MIGLER (CABN 318518)
Special Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5035
    FAX: (408) 535-5081
    Anne.Hsieh@usdoj.gov
    William.Migler@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 18-CR-00349-EJD |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Sentencing Date: March 25, 2024 |
| RYAN ALEXANDER, | Time: 1:30 PM |
| Defendant. | Courtroom: Courtroom 4 – 5th Floor |

The United States hereby submits its Sentencing Memorandum for the Court's consideration at the upcoming March 25, 2024 sentencing hearing in the above-captioned matter. The United States recommends the Court sentence Defendant Ryan Alexander to a sentence of imprisonment of eight months, 3 years of supervised release, and a $4,000 fine.

**I.     INTRODUCTION**

Defendant Ryan Alexander illegally possessed a homemade, unregistered firearm silencer, which was discovered in Alexander's garage in an ammunition canister filled with, among other things, armor-piercing incendiary rounds.  Silencers are inherently dangerous devices controlled by the National Firearms Act because they diminish the sound of gunshots and muzzle flashes, making it easier for guns to be used surreptitiously and thus stymie law enforcement efforts for quick and effective responses to shootings.  An unregistered silencer compounds this tracking difficulty, rendering it nearly impossible to trace its ownership and determine if a given silencer is tied to any individuals or guns associated with other crimes.  Possession of an unregistered silencer is thus a serious offense, and accordingly, Defendant deserves of a sentence of imprisonment.

But the government recognizes that Defendant has already served a prison term arising out of the same search wherein the silencer was found.  He has also expressed contrition for this conduct, and according to his family, he is a loving husband and supportive father.  The government thus recommends the Court grant a five-level downward variance commensurate with these realities and impose a sentence of eight months, a sentence which both effectively punishes Defendant but also allows him to close this chapter of his life.

**II.    BACKGROUND**

   **A.     The Offense Conduct**

On May 9, 2017, the San Jose Police Department ("SJPD") executed a search warrant on Defendant's house as relating to a child pornography investigation.  Presentence Investigation Report ("PSR") ¶ 6.  SJPD invited the FBI and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") to the search because during their pre-search investigation they observed numerous social media posts of Defendant handling firearms.  *Id.*  During the search, the officers and agents seized several electronic devices which contained images and videos constituting child pornography.  *Id.*, at ¶ 7.[1]

---

[1] Defendant was subsequently charged in California state court with possession of child pornography and later pleaded guilty to this charge.  PSR at ¶ 26.  Defendant was sentenced to six months in jail and 3 years' probation.  *Id.*

U.S. SENTENCING MEMO
Case No. 18-cr-00349-EJD

Defendant was interviewed in a SJPD van during the search, and during the interview he admitted that he owned firearms and ammunition and displayed comprehensive knowledge of firearms; for example, he described how to make a semiautomatic firearm fire automatically using only a paperclip. *Id.*, at ¶ 8. When asked by an ATF agent about locations in his house where he stores firearms and ammunition, Defendant said that there was "something that the ATF might be interested in" atop a cabinet in his garage. *Id.* The search of this location uncovered an ammunition canister which contained, among other firearm-related items and ammunition, including armor piercing incendiary rounds, a silver, cylindrical metal tube which the ATF agent recognized as a silencer. *Id.* The silencer had no brand markings and no serial number, and later record searches showed that Defendant had no silencer registered to his name. *Id.*, at ¶ 9. Lab analysis confirmed that this object was indeed a silencer, as it diminished the sound of a test firearm by an average of 25 decibels and thus qualified as a silencer under the National Firearms Act, 26 U.S.C. §§ 5801-72. *Id.* The lab analysis also showed that the silencer had been previously used and that bullets had passed through it, as indicated by the gray residue found within it and the bending of the metal around the baffle holes inside the silencer. *Id.*

**B.     Plea Agreement**

On August 2, 2018, the grand jury returned a two-count indictment against Defendant, charging him in Count One with a violation of 26 U.S.C. § 5861(d), possession of an unregistered firearm silencer, and in Count Two with a violation of 26 U.S.C. § 5861(i), possession of a firearm silencer without a serial number. ECF No. 1.

On August 31, 2023, Defendant pleaded guilty to Count One – possession of an unregistered firearm silencer – pursuant to a plea agreement. ECF No. 94. In the plea agreement, Defendant admitted to knowing that the homemade device found in his garage was a silencer and that it meets the definition of a "silencer" as defined under the National Firearms Act. Plea Agreement, ECF No. 95, at ¶ 2. The parties agreed to a Sentencing Guideline adjusted offense level of 15 and further agreed that Defendant's Criminal History Category is Category II. *Id.*, at ¶ 8. The government agreed to recommend a five-level downward variance to reflect an overrepresentation of the defendant's criminal history under the Guidelines and the fact that Defendant has already served a custodial sentence arising

1  out of the same search wherein the offending silencer was discovered. *Id.*, at ¶ 16.

## III.  THE UNITED STATES RECOMMENDS A SENTENCE OF EIGHT MONTHS

### A.  Applicable Guideline Range

The United States Probation Office found Defendant's base offense level to be 18 and found a 3-level downward adjustment for acceptance of responsibility was applicable, accordingly finding that Defendant's total offense level is **15**. PSR at ¶¶ 14-23. The Probation Office further found that Defendant's Criminal History Category is **II**. *Id.* at ¶¶ 27-28. This yields a Guideline range as follows:

Custody: 21 to 27 months (PSR at ¶ 49);

Supervised Release: 1 to 3 years (*Id.* at ¶ 52);

Fine: $7,500 to $75,000 (*Id.* at ¶ 57)

The government agrees with the Probation Office's calculations, as they are the same calculations the parties agreed to in Defendant's plea agreement. *See* Plea Agreement, ECF No. 95, at ¶ 8. As referenced *supra*, the government agreed to recommend the Court grant a five-level downward variance, which would bring Defendant's total offense level to **10**. With a Criminal History Category II, the Guideline range for that offense level is as follows:

Custody: 8 to 14 months;

Supervised Release: 1 to 3 years;

Fine: $4,000 to $40,000

### B.  18 U.S.C. § 3553(a) Considerations

After calculating the applicable Guidelines range, the Court must then consider the factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 38-39 (2007). § 3553(a) enumerates seven factors, with the two most pertinent to this case being "the nature and circumstances of the offense and history and characteristics of the defendant," and "the need for the sentence imposed." 18 U.S.C. § 3553(a)(1), (2). The latter factor has four subparts which require the sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public form further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* at (a)(2).

U.S. SENTENCING MEMO
Case No. 18-cr-00349-EJD

The United States recommends Defendant receive a sentence of imprisonment of **eight months**, **3 years** of supervised release, and a fine of **$4,000**. The government believes this sentence meets the 18 U.S.C. § 3553(a) considerations and it reflects a low-end Guideline sentence if the Court grants the recommended five-level downward variance.[2] The government's recommended sentence is predicated on an 18 U.S.C. § 3553(a) analysis taking into account the following considerations.

The nature of the instant offense is serious. Silencers are inherently dangerous devices because they aid in concealing firearm usage, and unregistered silencers make it difficult, if not impossible, for law enforcement to track their usage and trace them to individuals and guns associated with other crimes. It is thus troubling that Defendant possessed such a device. Defendant, being the firearm aficionado that he is, knew that a silencer's *raison d'etre* is to conceal the use of a firearm; indeed, the PSR quotes him as saying that he had the silencer to allow him "to shoot in the back yard [sic] and not bother anyone." PSR at ¶ 12. Defendant also knew, or should have known, that the law requires silencers be registered so as to allow the tracing of ownership if one is suspected of being used for criminal activity or tied to an individual suspected of criminality. Defendant thus knew, or should have known, that possession of an unregistered silencer strikes at the heart of these regulations, regulations designed to increase the efficacy of law enforcement firearm-related investigations. Defendant's willful violation of these laws is criminal and worthy of a sentence of imprisonment.

Moreover, the recommended sentence appropriately serves as adequate general and specific deterrence against similar conduct. A sentence of imprisonment of eight months serves as ample warning, to both the Defendant and to the general public, that the government takes seriously the crime of possessing an unregistered silencer and will prosecute such conduct to a felony conviction and seek a custodial sentencing component, even for a defendant who has a minimal criminal history.

The government's recommended sentence, which incorporates the five-level downward variance, also appropriately accounts for Defendant's minimal, but still serious, criminal history. Defendant's

---

[2] An offense level 10 with a Criminal History Category II is within Zone B of the Sentencing Guideline Sentencing Table. A sentence of imprisonment for an offense within Zone B may be satisfied either by a sentence of imprisonment, community confinement, home detention, or by a combination thereof. *See* U.S.S.G. § 5C1.1(c)(3). The government takes no position as to how its recommended eight-month sentence of imprisonment would be satisfied.

U.S. SENTENCING MEMO
Case No. 18-cr-00349-EJD

single prior conviction was for a California state child pornography possession charge for which he was sentenced to 60 days imprisonment. Possession of child pornography is, of course, a serious and troubling offense. The government's recommended sentence nevertheless balances that consideration with the fact that the child pornography underlying this conviction and term of imprisonment was found during the same search in which the offending silencer was discovered. That he has already served a custodial sentence stemming from the same search lessens the amount of further imprisonment necessary to adequately punish Defendant for the totality of his conduct.

Lastly, the government recognizes and appreciates that Defendant is reported to be a dedicated father, loving and supportive husband, and has expressed contrition for his past conduct. *See* PSR at ¶¶ 12, 26-28, 36-39. His criminal history notwithstanding, this reflects well on Defendant's character and is appropriate for the Court to consider in fashioning a just sentence.

All of this militates in favor of imposition of the recommended sentence, a sentence which strikes that fine balance between adequately punishing Defendant for the instant offense conduct, deterring recidivism, while also taking mitigating circumstances into account.

## IV.   CONCLUSION

Based on the foregoing, the United States recommends that the Court impose the following sentence: a sentence of imprisonment of eight months in custody, 3 years of supervised release, and a $4,000 fine.

DATED: March 18, 2024                     Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/William J. Migler*
WILLIAM J. MIGLER
Special Assistant United States Attorney

ANNE HSIEH
Assistant United States Attorney